## PRUDENTIAL INS. CO. OF AMERICA v. LAND ESTATES, Inc.

### Claim of ROYAL INDEMNITY CO.

District Court, S. D. New York.
Nov. 21, 1939.

Greenbaum, Wolff & Ernst, of New York City, for receiver.

Clark & Reynolds, of New York City, for complainant.

Julius S. Smith, of New York City (Alexander H. Carroad, of New York City, of counsel), for Royal Indemnity Co.

Kramer & Kleinfeld, of New York City (Barnet Kaprow, of New York City, of counsel), for trustees of Series BK.

PATTERSON, Circuit Judge.

The special master recommended allowance of the claim of Royal Indemnity Company at $317.14, as a prior claim to be paid out of rents collected by the insolvent defendant and held in trust for the certificate holders of Series BK.

A creditor's bill was brought against the defendant on August 18, 1933, and receivers were appointed. The facts bearing on the relationship of the defendant to the certificate holders were set forth in Van Schaick v. Williams, 2 Cir., 72 F.2d 395, and need not be repeated. It was there held that the rents collected by the defendant from March 15, 1933, to August 18, 1933, were collected in trust for the benefit of certificate holders, and that the certificate holders might recover the rents less expenses of maintenance and operation, provided they were able to trace them into funds coming into the receivers' possession. Trustees for certificate holders of various series have proved trust claims for such rents. Among others, the certificate holders in Series BK or their representatives have established a claim for the net rents from a number of properties, the claim to be paid in full. The present claimant, Royal Indemnity Company, showed that at the defendant's instance it issued liability insurance policies covering some of these properties, that the earned premiums on the policies for the period from June 27, 1933, to August 18, 1933, amounted to $317.14, and that the premiums have never been paid. The net rents awarded to the certificate holders are in excess of the sum owed for premiums. The claimant asked that its claim for unpaid premiums be satisfied out of the fund held for the certificate holders.

In effect the situation is this: a trustee now insolvent collected rents in trust for others, the fund being held by receivers of the trustee, and a claimant which issued policies of liability insurance to the trustee covering the properties from which the rents were derived asks that the unpaid premiums be paid out of the rents. It cannot be doubted that the taking out of liability insurance was prudent management, and that the cost was a proper charge against the income from the property. Stevens v. Melcher, 152 N.Y. 551, 46 N.E. 965. If the trustee had paid the premiums out of its own moneys, it would have been entitled to reimbursement out of the rents held in trust. The trustee likewise had the right of exoneration, that is, it might properly have used the rents to discharge its liability for the premiums. Such being the case, the unpaid creditor, unable to obtain satisfaction from the trustee individually by reason of insolvency, may in an equitable proceeding like the present one reach the trust estate through the trustee's right of exoneration and subject it to the payment of his claim. Scott on Trusts, section 268 et seq.; Restatement of Trusts, section 268. Another ground for payment out of the trust estate is that the creditor by issuance of the insurance conferred a benefit on the trust estate and has no adequate remedy against the trustee personally. Scott on Trusts, section 269. The trust estate received the protection afforded by the insurance and should pay the price. The defendant's general estate received no benefit. It makes no difference that the claimant extended credit to the trustee personally, nor does it matter that the trustee did not hold the properties themselves in trust but merely the rents.

The special master was right in allowing the claim as one to be paid out of the rents held for the Series BK certificate holders, and the report will be confirmed.